UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                   <u>DECISION AND ORDER</u>

                                                                    06-CR-6024L

                           v.

ALGERNON TOOLE,
EVERETTE TOOLE,

                              Defendants.
_____

Defendants, Algernon Toole and Everette Toole, were charged with certain drug offenses concerning the possession and distribution of cocaine. Algernon Toole was also charged with several firearms offenses.

On February 12, 2010, after a trial, a jury found defendants guilty on the two drug counts in the indictment. The jury also acquitted Algernon Toole of the firearms offenses with which he had been charged.

Both defendants appealed from their convictions. The Court of Appeals for the Second Circuit affirmed the convictions on December 23, 2011. 2011 WL 6450727.

Both Algernon and Everette Toole have separately moved for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. The basis for both motions is that after defendants were convicted, the government provided defense counsel with copies of reports prepared by the Federal Bureau of Investigation ("FBI") on Form FD-302 ("302 reports"), which stated that two confidential sources had stated to FBI agents that Brian Leonard, one of the government's witnesses, had told those sources, while Leonard and the sources were both housed in the same facility, that

Leonard and another government witness, Frank Cavallucci, were planning to carry out a drug deal, or operate a drug distribution network, once they got out of jail.

Neither defendant disputes that they were both made aware, during the trial, that the government had obtained information concerning Leonard's and Cavallucci's alleged plans to sell drugs. The basis for their motions is their assertion that, had defense counsel had the 302 reports, or the information contained therein, during the trial, they could more effectively have cross-examined Leonard, which, they argue, would have damaged his and Cavallucci's credibility.

These arguments are not persuasive. While the 302 reports might indeed constitute new evidence, inasmuch as the interviews that formed the basis for the reports took place months after the trial was concluded, the information contained in those reports does not warrant the relief that defendants seek.

Criminal Rule 33(a) permits a district court, upon a defendant's motion, to "grant a new trial if the interest of justice so requires." Where such a motion is based on "new evidence," the defendant must show that: the evidence was newly discovered after trial, and could not have been discovered prior to or during trial with due diligence; the evidence is material; the evidence is not merely cumulative or impeaching; and admission of the evidence would likely result in an acquittal. *See United States v. Persico*, 645 F.3d 85, 109 (2d Cir.) (citing *United States v. Owen*, 500 F.3d 83, 87–88 (2d Cir. 2007), *cert. denied*, 552 U.S. 1237 (2008)), *cert. denied*, ___ U.S. ___, 132 S.Ct. 593 (2011). "The 'ultimate test' is 'whether letting a guilty verdict stand would be a manifest injustice ... [t]here must be a real concern that an innocent person may have been convicted.'" *Persico*, 645 F.3d at 109 (quoting *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001) (citations omitted)). *See also United States v. Diaz*, 922 F.2d 998, 1006-07 (2d Cir. 1990) ("new" evidence must create a reasonable doubt that did not otherwise exist).

Motions for a new trial under Rule 33 are not favored. *Persico*, 645 F.3d at 109 (quoting *United States v. Gilbert*, 668 F.2d 94, 96 (2d Cir. 1981)). Such a motion should be "granted only with great caution in the most extraordinary circumstances and only where it is required in the

interest of justice." *United States v. Sasso*, 59 F.3d 341, 350 (2d Cir. 1995) (quoting *United States v. DiPaolo*, 835 F.2d 46, 49 (2d Cir. 1987)).

"Nondisclosure of cumulative evidence tending only to further impeach a witness' general credibility is not grounds for granting a Rule 33 motion." *United States v. Gambino*, 59 F.3d 353, 366 (2d Cir. 1995). *See also United States v. Canova*, 412 F.3d 331, 349-50 (2d Cir. 2005) (new evidence that would have afforded defense counsel additional grounds upon which to impeach prosecution witnesses, whose credibility already had been vigorously challenged, did not warrant new trial); *United States v. Wong*, 78 F.3d 73, 80 (2d Cir. 1996) (defendant was not entitled to a new trial based on newly disclosed evidence, since evidence would have been cumulative of impeachment evidence that was introduced at trial, and thus it was not probable that the evidence would have altered the outcome of the trial).

In the case at bar, defendants were made aware, during the trial, that the government had received evidence that Leonard and Cavallucci were planning to sell cocaine together. The disclosure of that evidence to defense counsel during the trial is a matter of record and is not in dispute. *See* James S. Wolford Aff. (Dkt. #374-1) ¶ 7; Scott M. Green Aff. (Dkt. #376-1) ¶ 17; Transcript, Feb. 5, 2010 (Wolford Aff. Ex. B) (Dkt. #374-3). Defense counsel did cross-examine Leonard about this matter. *See* Dkt. #374-3 at 33-35. Leonard denied planning to commit any future cocaine deals.

Thus, the newly-discovered evidence–the 302 reports–are merely cumulative of what was previously disclosed to defendants during the trial. In addition, those reports would only have been useful as fodder for impeachment, and would not have gone directly to the heart of the government's case, including Leonard's testimony about his dealings with defendants. Such evidence does not warrant a new trial. *United States v. Damblu*, 134 F.3d 490, 494 (2d Cir. 1998).

I also note that in its decision affirming defendants' convictions, the Second Circuit pointed out that "many aspects of [Leonard's and Cavallucci's] testimony were corroborated by other evidence presented at trial, including E. Toole's post-arrest statements and the testimony of Heather

Weisensel, A. Toole's former girlfriend." 2011 WL 6450727, at *3. It can hardly be said, then, that this newly-discovered evidence would be likely to produce an acquittal. *See United States v. Zhao Wu Chen*, 322 Fed.Appx. 43, 48 (2d Cir. 2009) (citing *United States v. Siddiqi*, 959 F.2d 1167, 1173 (2d Cir.1992)); *United States v. Parkes*, 497 F.3d 220, 232-33 (2d Cir. 2007).

## CONCLUSION

The motions for a new trial by defendants Everette Toole (Dkt. #374) and Algernon Toole (Dkt. #376) are denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 13, 2012.